16-3640-cv
R.C. and D.C. on behalf of N.C. v. Board of Education of the Wappingers Central School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                          *Circuit Judges*.

_____

R.C. AND D.C., ON BEHALF OF N.C., A STUDENT
WITH A DISABILITY,

                          *Plaintiffs-Appellants*,

             v.                                             16-3640-cv

BOARD OF EDUCATION OF THE WAPPINGERS
CENTRAL SCHOOL DISTRICT,

                          *Defendant-Appellee*.

_____

Appearing for Appellant:     Benjamin J. Hinerfeld, Philadelphia, P.A.

                             Gina M. DeCrescenzo (*on the brief*), White Plains, N.Y.

Appearing for Appellee:      Neelanjan Choudhury, Thomas, Drohan, Waxman, Petigrow &
                             Mayle, LLP, Hopewell Junction, N.Y.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants R.C. and D.C., parents proceeding on behalf of N.C., appeal from the September 29, 2016 order of the United States District Court for the Southern District of New York (Seibel, *J.*), granting summary judgment in favor of Appellee Board of Education of the Wappingers Central School District. At issue is whether the implementation of N.C.'s Individualized Education Plan ("IEP") denied her a free and appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 et seq. Specifically, N.C.'s parents argue that N.C. was denied a FAPE when her parents and the district's Committee on Special Education ("CSE") disagreed on the appropriate out-of-district private school placement for N.C.'s senior year of high school. N.C.'s parents argue they are entitled to reimbursement for the unilateral private school placement. The Impartial Hearing Officer ("IHO") agreed with N.C.'s parents, but the State Review Officer ("SRO") disagreed and reversed the decision of the IHO. The parents appealed to the district court, which affirmed the SRO and granted summary judgment for the school district. We assume the parties' familiarity with the remaining underlying facts, procedural history, and specification of issues for review.

Though this Court typically engages in a de novo review of decisions regarding summary judgment, the standard of review is modified in the context of administrative agency decisions under IDEA. Instead, the reviewing court is tasked with an analysis that this Court has termed a "circumscribed *de novo* review . . . because the 'responsibility for determining whether a challenged IEP will provide a child with a FAPE rests in the first instance with administrative hearing and review officers.'" *A.M. v. New York City Dep't of Educ.*, 845 F.3d 523, 534 (2d Cir. 2017) (quoting *M.W. ex rel. S.W. v. New York City Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013)) (brackets omitted). When the IHO and SRO disagree, a reviewing court generally should "defer to the final decision of the state authorities, that is, the SRO's decision. In the ordinary case, it is not for the federal court to choose between the views of conflicting experts on such questions." *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 386 (2d Cir. 2014) (internal citation and punctuation omitted). We turn to the IHO decision only if the SRO decision is "unpersuasive even after appropriate deference is paid." *A.M.*, 845 F.3d at 534 (quoting *M.H.*, 685 F.3d at 246)..

In the case of a unilateral parental placement in a private school, the parents' entitlement to reimbursement is assessed under "the three-step *Burlington*/*Carter* test: (1) the DOE must establish that the student's IEP actually provided a FAPE; should the DOE fail to meet that burden, the parents are entitled to reimbursement if (2) they establish that their unilateral placement was appropriate and (3) the equities favor them." *A.M.*, 845 F.3d at 534 (quoting *M.W.*, 725 F.3d at 135) (internal quotation marks omitted). Under the "circumscribed *de novo* review" of IDEA claims, *id.*, this Court is thus tasked with "independently verify[ing]" the determination of the SRO regarding the sufficiency of the proposed IEP and the unilateral placement. *Id.*

The SRO correctly noted that the parties agreed that N.C. needed to attend a therapeutic private placement and that the crux of the disagreement between N.C.'s parents and the school district was whether the school district's recommended private school placement was adequate to

provide a FAPE for N.C. The IHO and SRO disagreed on each of the first two prongs of the *Burlington*/*Carter* three-step analysis (the SRO did not reach prong three because he found for the school district on prongs one and two). Accordingly, we must assess whether the SRO decision was "sufficiently reasoned and supported by the record to merit deference." *Hardison*, 773 F.3d at 386.

We agree with the district court that "the SRO's decision is supported by a preponderance of the evidence and deserves deference." *R.C. and N.C., on behalf of N.C., a student with a disability v. Board of Education of the Wappingers Central School District*, No. 15-cv-5848, 2016 WL 5477747, at \*11 (S.D.N.Y. Sept. 29, 2016). The SRO's decision on the first prong of the *Burlington*/*Carter* test rested on testimony from N.C.'s private psychiatrist, the director of the recommended private placement, review of N.C.'s IEP's, the diagnostic report from a separate private psychiatrist retained by N.C.'s parents, and testimony from the CSE chairperson. The SRO observed that the recommended private school placement offered small classes and trained staff in a therapeutic setting. The SRO also addressed the fact that the school district's recommended placement was a day program, while the parents' unilateral placement was a residential program. The SRO found that the recommended placement struck an appropriate balance between N.C.'s therapeutic needs and the statutory directive requiring CSE's to offer a placement in the "least restrictive environment."

We find the SRO's decision to be thorough and well-reasoned. The SRO relied on a holistic assessment of the record and provided coherent reasoning for his view that the recommended placement would have been appropriate. Though we need not look at the IHO's decision since the SRO's analysis was persuasive, *A.M.*, 845 F.3d at 534, we also note that the IHO's analysis was markedly less persuasive than that of the SRO, insofar as it relied on fewer sources of evidence and did not engage in a holistic assessment of the entire record, as opposed to relying heavily on the testimony and impressions of N.C.'s parents. Most significantly, the IHO did not thoroughly address the attributes of the private placement, apart from his discussion regarding aesthetic concerns. The SRO's discussion of the small student population and the therapeutic staff at the recommended placement addressed substantive areas that were unaddressed by the IHO. Accordingly, this Court will defer to the well-reasoned opinion of the SRO that is supported by a preponderance of the evidence.

Because we defer to the SRO's decision on prong one of the *Burlington*/*Carter* test, we do not need to address the remaining two prongs.

We have considered the remainder of N.C.'s parents' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3